UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILLIAMS,<br><br>                      Petitioner,<br><br>    vs.<br><br>UNKNOWN,<br><br>                      Respondent. | Civil No.   10-1439 DMS (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING REQUEST TO FILE LATE PETITION; AND**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE** |

      Petitioner, a state prisoner proceeding pro se, has submitted a document wherein he requests permission to file a late Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

### **FAILURE TO FILE PETITION**

      Petitioner has not filed a Petition for writ of habeas corpus in this action. Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. <u>Calderon (Nicolaus) v. United States District Court</u>, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) ("Unlike non-capital prisoner who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel."); <u>McFarland v. Scott</u>, 512 U.S. 849 (1994).

//

Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner. If Petitioner wishes to proceed with a habeas action in this Court he must (as is the case with all non-capital prisoners) file a petition for writ of habeas corpus, which will be given a separate civil case number. However, if Petitioner is in fact a capital prisoner, he may request the Court to re-open this action in order to permit him to file a Petition under the civil case number assigned to this action.

Further, the Court cautions Petitioner that a one-year period of limitation applies to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006). If the federal petition is filed after the statute of limitations has run, the petition will be summarily dismissed.

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, the filing of a federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

## CONCLUSION AND ORDER

This action is **DISMISSED** without prejudice because Petitioner has not filed a Petition and has therefore failed to initiate federal habeas proceedings in this action. Accordingly, the request for extension of time is **DENIED** as moot. If Petitioner is a capital prisoner he may request to have this case reopened. *The Clerk of Court shall send Petitioner a blank Southern District of California habeas petition form and blank in forma pauperis application along with a copy of this Order.*

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: July 16, 2010

_____
HON. DANA M. SABRAW
United States District Judge